ISAACS CLOUSE CROSE & OXFORD LLP
  GREGORY R. OXFORD (S.B. #62333)
  21515 Hawthorne Boulevard, Suite 950
  Torrance, California 90503
  Telephone:   (310) 316-1990
  Facsimile:    (310) 316-1330

Attorneys for Defendant General Motors LLC

McCuneWright LLP
  RICHARD D. McCUNE, (S.B. #132124)
  rdm@mccunewright.com
  JAE (EDDIE) K. KIM, (S.B. #236805)
  jkk@mccunewright.com
  2068 Orange Tree Lane, Suite 216
  Redlands, California 92374
  Telephone:  (909) 557-1250
  Facsimile:  (909) 557-1275

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNG KIM, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>       v.<br><br>GENERAL MOTORS LLC; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: CV 11-06459 GAF (MRWx)<br><br>Judge Assigned:   Hon. Gary Allen Feess<br>Complaint Filed:  August 5, 2011<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation, the parties agree and stipulate, through their respective counsel, to the entry of the following Stipulated Protective Order for the protection of Confidential and "Confidential – Attorney's Eyes Only" materials (as defined herein) that may be produced or otherwise disclosed during the course of this

litigation by any party or non-party.  The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Stipulated Protective Order shall govern the handling of discovery materials in the litigation:

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted (hereinafter, "Confidential Information").  Such Confidential Information may include:  (1) customer name, address and contact information, (2) dealership financial and business information, and (3) competitively sensitive information concerning GM's (a) vehicle costs, pricing and profitability, (b) developmental testing and future product plans, (c) marketing plans, budgets and reviews, and (d) consumer research, surveys and communications.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  Confidential Information as described above (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     "Confidential - Attorneys' Eyes Only" Information or Items:  a subset of Confidential Information as described above, comprising any document or information supplied in any form that is so sensitive that the Producing Party reasonably believes that it is entitled to heightened protections.

2.4     Counsel (without qualifier):  Outside Counsel of Record and in-house Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     In-House Counsel:  attorneys who are employees of a party to this action.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Confidential - Attorneys' Eyes Only."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the

-4-

Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court shall have jurisdiction to enforce the terms of this Order following the final termination of this action.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

-5-

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "Confidential - Attorneys' Eyes Only" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "Confidential - Attorneys' Eyes Only" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "Confidential - Attorneys' Eyes Only."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

       5.3   <u>Inadvertent Production</u>.

           (a)   <u>"CONFIDENTIAL" Information</u>.  If a Party inadvertently produces or provides discovery of any CONFIDENTIAL Information, including Confidential - Attorneys' Eyes Only Information, without labeling or marking it with the appropriate legend or properly designating it as provided herein, the producing Party may give written notice to the receiving Party that the document, thing, or other discovery information, response or testimony should be treated in accordance with the provisions of this Order.  The receiving Party must treat such Documents, things, information, responses and testimony as designated from the date such notice is received.  Disclosure of such Documents, things, information, responses and testimony prior to receipt of such notice to a person not authorized to receive such hereunder shall not be deemed a violation of this Order.  However, those persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Order.

           (b)   Privileged Information.  Instances of inadvertent production of Documents or ESI that are subject to the attorney-client privilege or of protections as trial-preparation material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).

## 6.   TREATMENT OF PROTECTED MATERIAL

The recipient of any CONFIDENTIAL material, including Confidential - Attorneys' Eyes Only Information, shall maintain such information in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to confidentiality, storage, custody, use, or dissemination of such information as is exercised

by the recipient with respect to his/her own proprietary and confidential information, but never less than a reasonable degree of care.

## 7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the parties shall formulate and file a written stipulation, pursuant to Local Rule 37-2.

-8-

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

   8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Neither Confidential nor "Confidential - Attorneys' Eyes Only" information shall be disclosed to any outside experts or consultants who are current employees of a direct auto manufacturer competitor of any GM entities named as defendants in this litigation.  With respect to outside experts or consultants who were employed by a direct competitor of any of the

-9-

GM entities or affiliates named within  one (1) year from the date of this Order, Confidential or "Confidential - Attorneys' Eyes Only" material may be shared with those experts or consultants only after counsel for GM are given at least twenty (20) days prior written notice of the identity of the expert or consultant to whom such information is to be disclosed (including his or her name, address, current job title and the names of any direct competitors by which he has been employed), are afforded an opportunity to object to the disclosure of such information, and a resolution to any such objection has been reached;

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who either (*i*) are current representatives or employees of the Producing Party, or (*ii*) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), <u>unless otherwise agreed by the Designating Party or ordered by the court</u>. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3    Disclosure of "Confidential—Attorneys' Eyes Only" Information.  Except as otherwise provided in this Order, information designated "Confidential - Attorneys' Eyes Only" may only be disclosed to, or examined by, former employees of the Producing Party who authored or received a document containing the information, or a custodian or other person who otherwise possessed or knew the information, provided good faith

STIPULATED PROTECTIVE ORDER
Case No.: CV 11-06459 GAF (MRWx)

efforts are made by the disclosing Party to have such former employees, custodians or persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and those persons described in paragraph 8.2 (a), (c), (d), (e) and (f)(*i*), pursuant to the terms of those paragraphs.  Any disclosures under this paragraph 8.3 shall only occur to the extent reasonably necessary to pursue this litigation.  Moreover, the disclosure of "Confidential - Attorneys' Eyes Only" material to the court and court personnel may only occur in accord with paragraph 13.3 of this Order.  The Parties specifically agree that information designated "Confidential - Attorneys' Eyes Only" shall not be disclosed to any other individual or entity.

8.4     Additional or Alternative Categories of Persons Under This Order  The addition or substitution of categories of persons who shall be permitted access to Protected Material  in accordance with Paragraphs 8.2 and 8.3 of this Order may be made only by written agreement between both parties to this action, or by further Order of the Court.

## 9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

-11-

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the

STIPULATED PROTECTIVE ORDER
Case No.: CV 11-06459 GAF (MRWx)

Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  July 16, 2012                    ISAACS CLOUSE CROSE & OXFORD LLP

                                        By:  *Gregory R. Oxford*
                                             Gregory R. Oxford
                                        Attorneys for Defendant
                                        General Motors LLC

1  DATED:  July 16, 2012                MCCUNEWRIGHT LLP

2

3                                       By:  *Richard D. McCune*

4                                            Richard D. McCune
                                        Attorneys for Plaintiff
5                                       Yung Kim

6

7          IT IS SO ORDERED.

8

9  DATED:  July 20 , 2012

10

11                                      _____

12                                        HON. MICHAEL R. WILNER
                                        UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

<table>
<tr><td></td><td></td></tr>
</table>

1             UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3

4   YUNG KIM, on behalf of himself and all    )   Case No.: CV 11-06459 GAF (MRWx)
    others similarly situated,                 )

5                             )   Judge Assigned:   Hon. Gary Allen Feess
              Plaintiffs,          )   Complaint Filed:  August 5, 2011

6                             )   **AGREEMENT TO BE BOUND**

7         v.                        )   **BY PROTECTIVE ORDER**

8   GENERAL MOTORS LLC; and DOES 1   )
    through 10, inclusive,                )

9                             )
             Defendants.         )

10 _____ )

11

12                        **EXHIBIT A**

13

14

15       I, _____ [name], of _____

16 [address], declare under penalty of perjury that I have read in its entirety and understand

17 the Stipulated Protective Order that was issued by the United States District Court for the

18 Central District of California on [date] in the case of *Kim v. General Motors LLC,* Case

19 No. 11-06459 GAF (MRWx).  I agree to comply with and to be bound by all the terms of

20 this Stipulated Protective Order and I understand and acknowledge that failure to so

21 comply could expose me to sanctions and punishment in the nature of contempt.  I

22 solemnly promise that I will not disclose in any manner any information or item that is

23 subject to this Stipulated Protective Order to any person or entity except in strict

24 compliance with the provisions of this Order, nor will I use or permit the use of any such

25 information for any business purpose.

26       I further agree to submit to the jurisdiction of the United States District Court for

27 the Central District of California for the purpose of enforcing the terms of this Stipulated

28

-17-

STIPULATED PROTECTIVE ORDER
Case No.: CV 11-06459 GAF (MRWx)

1  Protective Order, even if such enforcement proceedings occur after termination of this

2  action.

3          I declare under penalty of perjury that the foregoing is true and correct.

4

5          Date:_____

6

7

8                                              _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No.: CV 11-06459 GAF (MRWx)